IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| THAD McCLAMMY, an incapacitated adult, by and through his next friend, Patrice McClammy,<br><br>   Plaintiff,<br><br>v.<br><br>AMEDISYS HOME HEALTH OF ALABAMA, *et al.*,<br><br>   Defendants. | CASE NO. 2:21-CV-533-WKW<br>[WO] |

## ORDER

This medical malpractice action was removed to this court based on diversity jurisdiction. *See* 28 U.S.C. § 1332(a), § 1441(a). Plaintiff now moves for leave to amend the complaint to add a non-diverse Defendant, who is the nurse who allegedly caused Plaintiff's injuries. (Doc # 6.) Notwithstanding the opposition to the motion (Docs. # 12, 17), the motion is due to be granted.

Because a favorable ruling for Plaintiff on the motion to amend will require this action's return to state court, 28 U.S.C. § 1447(e) controls the analysis. Section 1447(e) provides that, "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). The following factors are helpful for assessing the merits of joinder: "the

extent to which the purpose of the amendment is to defeat federal jurisdiction, whether the plaintiff has been dilatory in asking for amendment, whether the plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities." *Dever v. Fam. Dollar Stores of Ga., LLC*, 755 F. App'x 866, 869 (11th Cir. 2018) (per curiam) (alteration adopted) (citing *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987)).  "In balancing the equities, the parties do not start out on an equal footing . . . because of the diverse defendant's right to choose between a state or federal forum." *Sexton v. G & K Servs., Inc.*, 51 F. Supp. 2d 1311, 1313 (M.D. Ala. 1999).

Based on the well-reasoned analysis set out in Plaintiff's reply brief (Doc. # 13), save the emergency reasons,[1] these factors weigh in Plaintiff's favor.  To paraphrase, joinder is warranted based on multiple reasons, including:  the strength of Plaintiff's claims against the nurse; the infancy of the litigation; Plaintiff's right to seek a full judgment against all tortfeasors; Plaintiff's inability due to his incapacity to identify the nurse at the time of his injury; the fictitious party allegations indicating Plaintiff's intent from the outset to join the nurse; the short duration between the date of injury and the date Plaintiff moved to amend the complaint; Plaintiff's counsel prompt inquiry of the Amedisys defendants' counsel

---

[1] Plaintiff originally sought the amendment on an emergency basis based on his rapidly declining health.  Sadly, Plaintiff died on August 21, 2021.  (Doc. # 15.)  The pending motion to substitute the personal representative for Plaintiff will carry with the case.  (Doc. # 22.)

as to the nurse's identity; and Plaintiff's filing of the motion to amend within two days of learning the nurse's identity. The court has considered Defendants' countervailing arguments, some of which have force, as well as Defendants' right to select a federal forum; however, overall the factors outweigh this right and demonstrate that the purpose of the amendment was not to defeat federal jurisdiction, that Plaintiff was not dilatory in moving to amend, and that Plaintiff will suffer significant injury if amendment is not allowed.

Because the equities favor permitting the joinder of the nurse and because her joinder destroys complete diversity, remand is required. Accordingly, it is ORDERED as follows:

(1) Plaintiff's motion to amend (Doc. # 6) is GRANTED;

(2) This action is REMANDED to the Circuit Court of Montgomery County, Alabama; and

(3) The Clerk of the Court is DIRECTED to take the necessary steps to effectuate the remand.

DONE this 18th day of January, 2022.

                                            /s/ W. Keith Watkins
                                   UNITED STATES DISTRICT JUDGE